UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

DIANE IVINS,

    Plaintiff,

v.

SWISSPORT USA, INC.

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DIANE IVINS, by and through her undersigned counsel, sues the Defendant, SWISSPORT USA, INC., and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and to remedy violations of the rights of MS. DIANE IVINS under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to her by the Defendant, SWISSPORT USA, INC. ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. At all times material hereto, Plaintiff has been a citizen and resident of Miami-Dade County Florida and is otherwise *sui juris*.

4. At all times material hereto, Plaintiff was a Christian female with a disability and, as such, Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights of 1992, because the terms, conditions, and privileges of her employment were altered because of her disability and religion.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued Notices of Right to Sue on December 10, 2019. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit A).

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff was hired as a customer service agent for the Defendant on October 13, 2017 until she was terminated on or about May 11, 2018.

12. As a customer service agent, Plaintiff's primary duties and responsibilities included checking in passengers for flights, assisting passengers in going through immigration, boarding flights, translating when needed, and meeting inbound flights.

13. Plaintiff was qualified for her position as a customer service agent in that she had experience as a customer service agent and/or she had all necessary training to perform her job duties and responsibilities.

14. Plaintiff's starting salary was $13.95 per hour.

15. On March 16, 2018, the Plaintiff put in a written request to have April 1, 2018 off from work because it was Easter Sunday. Having Easter Sunday off was important to the Plaintiff due to her religion, Christianity.

16. The Plaintiff sent this request to Annette Foster who is Swissport's lead agent. On March 17, 2018, Ms. Foster responded that she did not approve the Plaintiff's request. Doris Massuh, Manager of Swissport, was copied on that email. Essentially, the Plaintiff's religious practices were denied.

17. Despite this, the day before Easter Sunday, the Plaintiff sent a group text to Ms. Foster, Ms. Massuh and David Williams. The Plaintiff advised them that due to religious reasons she would not be in on Easter Sunday.

18. The day after Easter Sunday, when the Plaintiff went to work, she received a written warning from Brittany, who is a lead agent. The Plaintiff was written up for taking Easter Sunday off from work.

19. Also, in March 2018, the Plaintiff requested an accommodation due to a disability.

20. The Plaintiff's physician wrote a medical note regarding her disability and requested that she be permitted to sit for 15 minutes every two hours.

21. The Plaintiff submitted the medical note after Easter Sunday. Ms. Massuh met with the Plaintiff and said that the requested accommodations could not be provided. She said, "We cannot give you breaks; you can quit if this is not the right job for you and you are having pain." The Defendant otherwise failed to engage in the interactive process.

22. On April 30, 2018, the Plaintiff went to work before her shift even started but was extremely sick. She had the flu and had body chills, stomach aches, and was vomiting. The Plaintiff talked to Mr. Williams and Brittany and both said she could go home. Later the Plaintiff received a text from Mr. Williams asking for a medical note.

23. The Plaintiff went to the Doctor on May 2, 2018 and the Doctor wrote a medical note excusing Plaintiff from work on May 2, 2018 through May 6, 2018. On May 3, 2018, the Plaintiff provided the note to Mr. Williams and Brittany.

24. On May 7, 2018, the Plaintiff returned to work but she was still very sick. On May 9, 2018, the Plaintiff went back to the doctor. The Doctor gave the Plaintiff another medical note excusing her from work from May 9, 2018 through May 11, 2018. The Plaintiff sent a copy of this note to Mr. Williams. The Plaintiff had sick leave available to her for her absences in May 2018.

25. On May 11, 2018, the Plaintiff received a phone call from Ms. Massuh. She told the Plaintiff that she did not have any more hours for her to work on any account. She also told the Plaintiff not to return to work. The Plaintiff later learned that there were plenty of hours available, but in retaliation for Plaintiff requesting both a religious accommodation and a disability-based accommodation, the Defendant refused to give her any hours and terminated her employment.

26. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

**COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")**
**(Discrimination on the Basis of Disability)**

27. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 26, inclusive, as though same were fully re-written here.

28. The ADA forbids discrimination on the basis of disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

29. Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of the protected class.

30. At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

31. The discrimination against Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's disability.

32. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

33. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

34. Plaintiff was qualified for the position.

35. Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

36. The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

37. The Defendant's failure to accommodate the Plaintiff thus failing to engage in the interactive process, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations. When the Defendant denied the Plaintiff the opportunity to sit for 15 minutes every two hours in violation of her doctor's instructions, it discriminated against her in violation of the ADA.

38. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the failure to reasonably accommodate Plaintiff; *inter alia* Plaintiff's disability.

39. As a result of Defendant's violation, Plaintiff has suffered damages.

40. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual

damages suffered, loss of fringe benefits, loss of retirement benefits, compensatory damages under the ADA for emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Disability)**

41. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 26, inclusive, as though same were fully re-written here, and says:

42. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

43. Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

44. At all relevant and material times, Defendant failed to comply with the FCRA.

45. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's disability.

46. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

47. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

48. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

49. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her disability in violation of the FCRA.

50. The Defendant's failure to accommodate the Plaintiff thus failing to engage in the interactive process, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations. When the Defendant denied the Plaintiff the opportunity to sit for 15 minutes every two hours in violation of her doctor's instructions, it showed discriminated against her in violation of the ADA.

51. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the failure to reasonably accommodate Plaintiff; *inter alia* Plaintiff's disability.

52. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her disability. The discrimination on the basis of disability constitutes unlawful discrimination.

53. As a result of Defendant's violation, Plaintiff has suffered damages.

54. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for emotional distress, liquidated

damages, punitive damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Religion)**

55. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 26, inclusive, as though same were fully re-written here.

56. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of her religion, Christian.

57. Ms. Foster, Lead Agent, Ms. Massuh, Manager, Mr. Williams, Lead Agent, Brittany, Lead Agent, at all times relevant, were acting within the course and scope of their employment for Defendant.

58. Because Plaintiff was Christian, she was discriminated against and not allowed to have Easter Sunday off from work to observe her religious beliefs.

59. Upon information and belief, non-Christian customer service agents are allowed days off to accommodate their religious beliefs.

60. Upon information and belief, non-Christian employees who take a day off in accordance with their religious beliefs do not receive a write up.

61. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff being discriminated against.

62. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

63. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

**COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Religion)**

64. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 26, inclusive, as though same were fully re-written here.

65. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

66. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

67. Plaintiff is Christian, and therefore a member of a protected class.

68. Because Plaintiff was Christian, she was discriminated against and not allowed to have Easter Sunday off from work to observe her religious beliefs.

69. Upon information and belief, non-Christian customer service agents are allowed days off to accommodate their religious beliefs.

70. Upon information and belief, non-Christian employees who take a day off in accordance with their religious beliefs do not receive a write up.

71. At all relevant and material times, Defendant failed to comply with the FCRA.

72. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's religion.

73. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was Christian.

74. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

75. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

76. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her religion in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

77. Plaintiff's denial of having a religious holiday off was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she was Christian, in violation of the FCRA.

78. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's religion.

79. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her religion. The discrimination on the basis of religion constitutes unlawful discrimination.

80. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, punitive damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: VIOLATION OF ADA
**(Retaliation)**

81. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 26, inclusive, as though same were fully re-written here.

82. Plaintiff suffered from a disability as that term is defined under the ADA.

83. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

84. Defendant is an employer as that term is defined under the ADA.

85. Defendant retaliated against Plaintiff for engaging in the protected activity of requesting a reasonable accommodation against her by inter alia, failing to provide the Plaintiff

with a reasonable accommodation, claiming there were no available hours on any account, and finally terminating the Plaintiff's employment.

86. As a result of Defendant's violation, Plaintiff has suffered damages.

87. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in her favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

### COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

88. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 26, inclusive, as though same were fully re-written here.

89. Plaintiff had the right to request a reasonable accommodation due to her disability.

90. Plaintiff had the right to request a day off due to her religious beliefs.

91. When Defendant terminated the Plaintiff, it retaliated against her for exercising her rights.

92. Ms. Foster, Lead Agent, Ms. Massuh, Manager, Mr. Williams, Lead Agent, Brittany, Lead Agent, at all times relevant, were acting within the course and scope of their employment for Defendant.

93. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

94. Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

95. Plaintiff has engaged the undersigned attorney to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's forced relocation in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

### **COUNT VII: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Retaliation)**

96. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 26, inclusive, as though same were fully re-written here.

97. Plaintiff had the right to request a day off due to her religious beliefs.

98. When Defendant terminated the Plaintiff, it retaliated against her for exercising her rights.

99. Ms. Foster, Lead Agent, Ms. Massuh, Manager, Mr. Williams, Lead Agent, Brittany, Lead Agent, at all times relevant, were acting within the course and scope of their employment for Defendant.

100. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

101. Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

102. Plaintiff has engaged the undersigned attorney to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's forced relocation in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to

contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 9th day of March, 2020.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff